THE STATE OF OHIO, APPELLEE, *v.* HUNTER, APPELLANT.

[Cite as *State v. Hunter,* 123 Ohio St.3d 164, 2009-Ohio-4147.]

*Criminal law — Penalties — Repeat violent offenders — Former R.C. 2929.01(DD) — State v. Foster did not eliminate specification for repeat violent offenders — Foster eliminated judicial fact-finding from former R.C. 2929.14(D)(2) — Court does not violate defendant's Sixth Amendment rights by considering prior conviction that is part of judicial record when designating offender as repeat violent offender.*

(No. 2008-0661 — Submitted April 22, 2009 — Decided August 25, 2009.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 89456, 2008-Ohio-794.

_____

**SYLLABUS OF THE COURT**

1.  *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, excised judicial fact-finding from former R.C. 2929.14(D)(2) but did not eliminate the repeat violent offender specification, as defined in former R.C. 2929.01(DD).

2.  When designating an offender as a "repeat violent offender" pursuant to former R.C. 2929.01(DD), a trial court does not violate the Sixth Amendment by considering relevant information about the offender's prior conviction that is part of the judicial record.  (*Shepard v. United States* (2005), 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205, followed.)

_____

**O'DONNELL, J.**

{¶ 1}  This case presents two issues for our consideration in connection with the statutorily prescribed repeat violent offender specification.  The first is

whether this court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, severed the repeat violent offender specification from the Revised Code and precluded trial courts from imposing an enhanced penalty for that specification. The second is whether a court engages in improper judicial fact-finding in violation of the right to a jury trial by designating an offender as a repeat violent offender pursuant to former R.C. 2929.01(DD).

{¶ 2} Hugh Hunter appeals from a decision of the Eighth District Court of Appeals that affirmed a judgment of the trial court imposing a two-year prison term for a repeat violent offender specification, running prior to and consecutive to an eight-year prison term for his felonious assault conviction. He contends that the repeat violent offender specification no longer exists after our decision in *Foster* and, further, that the findings necessary for a court to designate an offender as a repeat violent offender pursuant to former R.C. 2929.01(DD) violate the Sixth Amendment and the holdings in *Apprendi v. New Jersey* (2000)*,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and subsequent United States Supreme Court decisions.

{¶ 3} After consideration, we have concluded that this court did not excise the repeat violent offender specification from the Revised Code in *Foster*. Moreover, in this instance, the trial court did not violate Hunter's right to a jury trial when it designated him as a repeat violent offender, because he waived his jury right, because he stipulated to the facts necessary to designate him as a repeat violent offender, and because it is within the purview of the court to determine the existence and nature of an offender's prior conviction. Thus, we affirm the decision of the court of appeals.

**Facts and Procedural History**

{¶ 4} On September 1, 2004, Hugh Hunter attacked Andrew McAuliffe at St. Malachi Church in Cleveland, causing multiple fractures and lacerations. A grand jury indicted Hunter for felonious assault and included in the indictment a

repeat violent offender specification and notice of a prior conviction resulting from his 1990 conviction for felonious assault. The trial court found Hunter competent to stand trial and scheduled the matter for a jury trial to begin on October 23, 2006.

{¶ 5}   At trial, Hunter stipulated to McAuliffe's medical records and to a prior conviction for felonious assault in 1990. He moved to bifurcate the trial, trying the felonious assault charge to the jury and the repeat violent offender specification to the court. He waived his right to a jury trial in regard to the specification, and asked the court to conduct a bench trial on that issue. The trial court accepted Hunter's written jury waiver and journalized it prior to commencing a jury trial on the felonious assault charge. The jury returned a verdict finding him guilty of felonious assault, and on October 25, 2006, the trial court conducted a bench trial on the repeat violent offender specification.

{¶ 6}   Hunter further stipulated that during the commission of the offense of which he was previously convicted, he had caused physical harm to Gregory Rickett. The medical record to which Hunter stipulated indicated that Gregory Rickett had suffered a head wound that required stitches. The state then called Jimmy Shields, a Cuyahoga County Sheriff's deputy, who testified that he had investigated an incident in 1989 in which Hunter punched Rickett, an employee of the Cuyahoga County Jail, in the face, causing a laceration that required more than five stitches. Hunter did not call any witnesses.

{¶ 7}   The trial court found that the state had proven beyond a reasonable doubt that "Mr. Gregory Rickett, the named victim * * * suffered physical harm at the hand of Mr. Hugh Hunter for which Mr. Hugh Hunter was convicted and I believe served a prison sentence." Hunter did not object, and thus, the court sentenced him to two years for the repeat violent offender specification, to be served prior to and consecutively with eight years for his conviction on the felonious assault of McAuliffe.

**{¶ 8}** Hunter appealed, arguing inter alia that our decision in *Foster* had entirely eliminated the repeat violent offender specification and that it was not possible for the trial court to designate him as a repeat violent offender pursuant to former R.C. 2929.01(DD) without violating his constitutional right to have a jury find all facts that would increase the severity of his sentence. The appellate court rejected his arguments, however, stating that *Foster*'s severance of R.C. 2929.01(DD) meant only that judicial fact-finding is no longer required before a judge imposes an additional penalty on a repeat violent offender and holding that the trial court had properly imposed the additional penalty and had not violated Hunter's constitutional rights in doing so.

**{¶ 9}** Hunter has now appealed to this court on the following proposition of law: "The RVO-enhanced sentence imposed on appellant constituted a deprivation of his liberty without due process of law and a violation of his constitutional right to a trial by jury." He contends that the trial court lacked authority to impose an enhanced penalty for the repeat violent offender specification, asserting that *Foster* eliminated this specification in its entirety as violative of a defendant's Sixth Amendment right to have a jury find all facts required to designate him as a repeat violent offender pursuant to former R.C. 2929.01(DD).[1]

**{¶ 10}** In response, the state contends that *Foster* excised only the portions of former R.C. 2929.14(D)(2)(b) that required judicial fact-finding in violation of the Sixth Amendment, not the repeat violent offender specification itself. The state argues that the trial court did not violate Hunter's constitutional rights by imposing an enhanced penalty for this specification.

**{¶ 11}** Thus, two issues emerge for our consideration: one, whether *Foster* eliminated the repeat violent offender specification and second, whether

---

1. Former R.C. 2929.01(DD) has since been amended. It now appears, substantially changed, in R.C. 2929.01(CC). 2008 Am.Sub.H.B. No. 130.

the trial court conducted impermissible fact-finding in connection to the enhanced penalty it imposed on Hunter in this case.

### The Repeat Violent Offender Specification before *Foster*

{¶ 12} At the time we decided *Foster*, three separate statutes pertained to repeat violent offender specifications. Former R.C. 2929.01(DD) identified findings that were required to be made by a court to designate an offender as a "repeat violent offender." 150 Ohio Laws, Part IV, 5707, 5719. R.C. 2941.149(B) specifically directs that "[t]he court shall determine the issue of whether an offender is a repeat violent offender." Former R.C. 2929.14(D)(2)(b) set forth a range of penalty enhancements and listed the judicial findings necessary to impose them. 150 Ohio Laws, Part IV, 5734. Thus, imposition of an enhanced penalty for a repeat violent offender specification required a trial court to determine first, whether an offender was or was not a repeat violent offender, and second, which additional penalty, if any, would be appropriate. See, e.g., *State v. Payne*, Lake App. No. 2004-L-118, 2005-Ohio-7043.

{¶ 13} With respect to the designation of a repeat violent offender, former R.C. 2929.01(DD) provided:

{¶ 14} " 'Repeat violent offender' means a person about whom both of the following apply:

{¶ 15} "(1) The person has been convicted of or has pleaded guilty to, and is being sentenced for committing, for complicity in committing, or for an attempt to commit, aggravated murder, murder, involuntary manslaughter, a felony of the first degree other than one set forth in Chapter 2925 of the Revised Code, a felony of the first degree set forth in Chapter 2925 of the Revised Code that involved an attempt to cause serious physical harm to a person or that resulted in serious physical harm to a person, or a felony of the second degree that involved an attempt to cause serious physical harm to a person or that resulted in serious physical harm to a person.

{¶ 16} "(2) Either of the following applies:

{¶ 17} "(a) The person previously was convicted of or pleaded guilty to, and previously served or, at the time of the offense was serving, a prison term for, any of the following:

{¶ 18} "(i) Aggravated murder, murder, involuntary manslaughter, rape, felonious sexual penetration as it existed under section 2907.12 of the Revised Code prior to September 3, 1996, a felony of the first or second degree that resulted in the death of a person or in physical harm to a person, or complicity in or an attempt to commit any of those offenses;

{¶ 19} "(ii) An offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to an offense listed under division (DD)(2)(a)(i) of this section and that resulted in the death of a person or in physical harm to a person.

{¶ 20} "(b) The person previously was adjudicated a delinquent child for committing an act that if committed by an adult would have been an offense listed in division (DD)(2)(a)(i) or (ii) of this section, [and] the person was committed to the department of youth services for that delinquent act." 150 Ohio Laws, Part IV, 5719.

{¶ 21} Former R.C. 2929.14(D)(2)(b) set forth circumstances pursuant to which a trial court could impose an enhanced penalty on a repeat violent offender:

{¶ 22} "If the court imposing a prison term on a repeat violent offender imposes the longest prison term from the range of terms authorized for the offense under division (A) of this section, the court may impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if the court finds that both of the following apply * * *:

{¶ 23} "(i) The terms so imposed are inadequate to punish the offender and protect the public from future crime * * *.

**{¶ 24}** "(ii) The terms so imposed are demeaning to the seriousness of the offense * * *." 150 Ohio Laws, Part IV, 5734.

### The Repeat Violent Offender Specification after *Foster*

**{¶ 25}** In *Foster*, we followed the United States Supreme Court's decisions in *Apprendi v. New Jersey* (2000)*,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, *Ring v. Arizona* (2002), 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556, and *Blakely v. Washington* (2004)*,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, and held that "judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant" violates the right to a jury trial under the Sixth Amendment to the United States Constitution. *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph one of the syllabus, and ¶ 53. We also specifically declared former R.C. 2929.14(D)(2)(b) unconstitutional, stating that it "requires the court to make findings before imposing an additional penalty on repeat violent offenders and thus violates *Blakely*." Id. at ¶ 78.

**{¶ 26}** Applying the remedy set forth in *United States v. Booker* (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, we severed those parts of the sentencing statutes that required unconstitutional fact-finding by a court, including former R.C. 2929.14(D)(2)(b). *Foster* at paragraphs two, four, and six of the syllabus. We held that "[a]fter the severance, judicial fact-finding is not required before imposition of additional penalties for repeat-violent-offender and major-drug-offender specifications." Id. at paragraph six of the syllabus. Moreover, as we subsequently emphasized in *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, "*Foster* excised the requirement that the court make findings of fact before imposing (1) more than the minimum term on an offender who has never served a prison term, (2) the maximum term, (3) consecutive terms, and (4) *penalty enhancements for repeat violent offenders* or major drug offenders." (Emphasis added; footnotes omitted.) Id. at ¶ 26.

{¶ 27} Our opinions in *Foster* and *Mathis* patently demonstrate our intent to excise only the portions of former R.C. 2929.14(D)(2)(b) that required judicial fact-finding in violation of the Sixth Amendment and the United States Supreme Court's decisions in *Apprendi* and *Blakely*. We never specifically precluded a trial court from imposing enhanced penalties for a repeat violent offender specification, nor did we excise the definition of a repeat violent offender as set forth in former R.C. 2929.01(DD). Furthermore, none of our decisions after *Foster* indicate that this specification no longer exists. Thus, *Foster* excised judicial fact-finding from former R.C. 2929.14(D)(2) but did not eliminate the repeat violent offender specification, as defined in former R.C. 2929.01(DD). Accordingly, Hunter's argument that *Foster* eliminated the repeat violent offender specification is not well taken.

### Whether the Designation of a Repeat Violent Offender Pursuant to Former R.C. 2929.01(DD) Violates the Sixth Amendment

{¶ 28} In *Foster*, our analysis of the repeat violent offender specification focused on former R.C. 2929.14(D)(2)(b), which set forth the judicial findings necessary to determine the propriety of imposing an enhanced penalty on a repeat violent offender. We did not address, however, former R.C. 2929.01(DD), which set forth the criteria for designating an offender as a "repeat violent offender." Generally, that statute required the court to find that the offender had a prior conviction and served a prison term for "[a]ggravated murder, murder, involuntary manslaughter, rape, felonious sexual penetration * * *, [or] a felony of the first or second degree that resulted in the death of a person or in physical harm to a person." Former R.C. 2929.01(DD)(2)(a)(i), 150 Ohio Laws, Part IV, 5719.

{¶ 29} In this case, the trial court designated Hunter as a repeat violent offender pursuant to former R.C. 2929.01(DD) based on his stipulation that he had a prior conviction for felonious assault with a specification of physical harm

8

and on a finding that he had served a prison term for that prior conviction. Hunter now contends that he has the right under the Sixth Amendment to have the jury make those findings. For three reasons, however, the trial court did not violate Hunter's right to a jury trial: first, he waived that right; second, he stipulated to the facts required to make the designation; and third, the Sixth Amendment does not preclude a sentencing court from considering information in the judicial record from the prior conviction.

*Waiver*

{¶ 30} As the court stated in *Blakely*, "nothing prevents a defendant from waiving his *Apprendi* rights [to a jury determination of every element of the charge]. * * * Even a defendant who stands trial may consent to judicial factfinding as to sentence enhancements, which may well be in his interest if relevant evidence would prejudice him at trial." 542 U.S. at 310, 124 S.Ct. 2531, 159 L.Ed.2d 403. We recognized this in *Foster* and explained that while the Sixth Amendment generally prohibits judicial fact-finding, there is an "exception for prior criminal convictions *and the defendant's consent to judicial fact-finding*." (Emphasis added; footnote omitted.) 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 7. Furthermore, in *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, we recognized that *Apprendi*/*Blakely* errors may be waived, stating that "*if Payne had knowingly waived his rights*, * * * *we would conclude our analysis*." (Emphasis added.) Id. at ¶24.

{¶ 31} In this case, even if we assume that Hunter had a constitutional right to have the jury determine his status as a repeat violent offender pursuant to former R.C. 2929.01(DD), he chose to submit that determination to the court to avoid presenting evidence of his prior conviction for felonious assault to the jury at trial. Therefore, Hunter has waived whatever right he had with respect to the repeat violent offender specification. See *Blakely*, 542 U.S. at 310, 124 S.Ct.

2531, 159 L.Ed.2d 403; *Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 24.

*Stipulation*

**{¶ 32}** In addition, it is noteworthy that Hunter stipulated to all the facts necessary for the trial court to designate him as a repeat violent offender pursuant to former R.C. 2929.01(DD). Specifically, Hunter stipulated to an indictment charging him with felonious assault and specifying that he had caused physical harm to the victim, that he had pleaded guilty to the offense "as charged in the indictment," and that the trial court had sentenced him to prison. Neither has Hunter challenged the trial court's finding that he had served a prison term for his earlier offense. The additional testimony and evidence offered by the state to prove that Hunter had caused physical harm while committing his prior offense was superfluous.

**{¶ 33}** Because of Hunter's stipulations, the trial court had no need to conduct fact-finding in connection with former R.C. 2929.01(DD), and no Sixth Amendment violation occurred in this case. *Blakely*, 542 U.S. at 310, 124 S.Ct. 2531, 159 L.Ed.2d 403 (defendant may waive *Apprendi* rights); see also *Smith v. Petkovich* (N.D.Ohio 2008), 562 F.Supp.2d 912, 944 (citing former R.C. 2929.01(DD) and holding that no Sixth Amendment violation occurred because "Smith stipulated as to the truth of all facts necessary to allow the court to find that Smith was a repeat violent offender").

*Judicial fact-finding within the province of the court*

**{¶ 34}** Even if Hunter had not waived his right to a jury trial or stipulated to the required facts, the fact-finding conducted by the trial court to designate him as a repeat violent offender pursuant to former R.C. 2929.01(DD) would not have violated the Sixth Amendment.

**{¶ 35}** In *Oregon v. Ice* (2009), __ U.S. __, 129 S.Ct. 711, 714, 172 L.Ed.2d 517, the Supreme Court reiterated its holdings in *Apprendi* and *Blakely*

that "it is within the jury's province to determine any fact (*other than the existence of a prior conviction*) that increases the maximum punishment authorized for a particular offense." (Emphasis added.) And as the Supreme Court noted in *Apprendi*, the Sixth Amendment does not bar judicial consideration of a defendant's prior convictions at sentencing because "'recidivism * * * is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence.' " 530 U.S. at 488, 120 S.Ct. 2348, 147 L.Ed.2d 435, quoting *Almendarez-Torres v. United States* (1998), 523 U.S. 224, 244, 118 S.Ct. 1219, 140 L.Ed.2d 350.

**{¶ 36}** Significantly, the Sixth Amendment does not limit a sentencing court's consideration to the *existence* of a prior conviction. On the contrary, the United States Supreme Court has held that courts may consider the information contained in court documents that are related to the prior conviction. In *Shepard v. United States* (2005), 544 U.S. 13, 19-20, 125 S.Ct. 1254, 161 L.Ed.2d 205, the court held that a sentencing court, when determining whether a prior conviction warrants an enhanced penalty under the federal Armed Career Criminal Act ("ACCA"), may consider "the charging documents, jury instructions, a bench-trial judge's findings of fact and conclusions of law, the terms of a plea agreement, a transcript of the plea colloquy or other comparable judicial records." See also *Taylor v. United States* (1990), 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (holding that for purposes of penalty enhancement, a sentencing court may determine the nature of a predicate offense from the statutory elements, charging documents, and jury instructions).

**{¶ 37}** Relying on the decisions in *Apprendi*, *Blakely*, *Shepard*, and *Taylor*, several of our sister states have also held that sentencing courts may look beyond the mere existence of a prior conviction without violating the Sixth Amendment. For example, in *Ryle v. State* (Ind.2005), 842 N.E.2d 320, the Supreme Court of Indiana affirmed an enhanced sentence based on a judicial

finding from information about a prior offense contained in a presentence investigation report. The court stated that "[t]he presentence investigation report relies on 'judicial record[s]' that guarantee the conclusive significance that is the focus of *Apprendi*." Id. at 325, quoting *Shepard*, 544 U.S. at 26, 125 S.Ct. 1254, 161 L.Ed.2d 205. See also *People v. McGee* (2006), 38 Cal.4th 682, 687, 42 Cal.Rptr.3d 899, 133 P.3d 1054 ("the trial court in the present case did not violate defendant's rights by examining the record of the robbery convictions previously sustained by defendant in Nevada and by concluding that each of these offenses constituted a conviction of a 'serious felony' for purposes of the applicable California sentencing statute"); *State v. Pierce* (2006), 188 N.J. 155, 163, 902 A.2d 1195 ("we find no Sixth Amendment violation in the sentencing court's consideration of objective facts about defendant's prior convictions, such as the dates of convictions, his age when the offenses were committed, and the elements and degrees of the offenses, in order to determine whether he qualifies as a 'persistent offender' " for sentence-enhancement purposes); *People v. Huber* (Colo.2006), 139 P.3d 628, 633 ("Because a defendant's sentence to probation or supervision can be found in the judicial record, we conclude that a trial court may properly consider this fact without violating the defendant's *Blakely* rights"); *State v. Fagan* (2006), 280 Conn. 69, 100, 905 A.2d 1101 ("the defendant's status as to whether he lawfully had been on release at the time of the offense for which he was convicted * * * was a question that also did not require a jury determination"); *State v. Jones* (2006), 159 Wash.2d 231, 247, 149 P.3d 636 ("because the community placement sentence determination * * * can be readily determined by a limited examination of the record flowing from the prior conviction, we conclude that a court, rather than a jury, may, pursuant to *Almendarez-Torres*, make, constitutionally, the * * * community placement determination").

**{¶ 38}** Thus, pursuant to *Shepard*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205, we hold that when designating an offender as a repeat violent offender pursuant to former R.C. 2929.01(DD), a trial court does not violate the Sixth Amendment by considering relevant information about the offender's prior conviction that is part of the judicial record.

**{¶ 39}** In this case, in order to declare Hunter a repeat violent offender, the court had to determine whether he had a prior conviction and had served a prison term for a felony of the first or second degree that resulted in physical harm to the victim. Former R.C. 2929.01(DD)(1) and (2)(a)(i). These facts may be readily determined from the indictment and sentencing entry for his 1990 conviction for felonious assault with a specification of physical harm and his resulting sentence of eight to 15 years' incarceration. The trial court did not violate Hunter's constitutional rights by considering these documents, which are "judicial record evidence" created in connection with his prior conviction. *Shepard*, 544 U.S. at 20, 125 S.Ct. 1254, 161 L.Ed.2d 205. Moreover, the findings required by former R.C. 2929.01(DD) pertain directly to the issue of recidivism, which has traditionally been within the purview of the sentencing court, not the jury, *Almendarez-Torres*, 523 U.S. at 244, 118 S.Ct. 1219, 140 L.Ed.2d 350, and Hunter has not suggested that the trial court's findings in this case are erroneous.

**{¶ 40}** Accordingly, the trial court did not violate Hunter's constitutional rights or decisions of this court or the United States Supreme Court by designating him a repeat violent offender pursuant to former R.C. 2929.01(DD) and by imposing an enhanced penalty. The court of appeals properly affirmed that judgment, and we therefore affirm its decision.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, for appellant.

_____