[Cite as *State v. Bostick*, 2013-Ohio-5784.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26880 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALVIN BOSTICK, SR. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 10 11 3115 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2013

WHITMORE, Judge.

{¶1} Defendant-Appellant, Alvin Bostick, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} This Court set forth the facts underlying this matter in *State v. Bostick*, 9th Dist. Summit No. 25853, 2012-Ohio-5048. After Bostick was convicted of felonious assault, two counts of domestic violence, and a repeat violent offender ("RVO") specification, he appealed and argued that the trial court erred by refusing to instruct the jury on the lesser-included offense of aggravated assault. This Court agreed and remanded the matter for further proceedings. *Bostick* at ¶ 12-14. Upon remand, a second jury trial was conducted solely on the charge of felonious assault. The jury rejected the lesser-included offense of aggravated assault and found Bostick guilty of felonious assault. The court then held a hearing on Bostick's RVO

specification and found him guilty of the specification. The court sentenced him to a total of 18 years in prison.

{¶3} Bostick now appeals and raises three assignments of error for our review. For ease of analysis, we consolidate two of the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HIS FIRST OBJECTION TO THE STATE'S USE OF ITS PEREMPTORY CHALLENGE TO EXCLUDE FEMALES AND NOT FOLLOWING THE PROCEDURE SET FORTH IN BATSON V. KENTUCKY IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CON-SITUTION (sic) AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

Assignment of Error Number Two

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HIS SECOND OBJECTION TO THE STATE'S USE OF ITS PEREMPTORY CHALLENGE TO EXCLUDE FEMALES AND NOT FOLLOWING THE PROCEDURE SET FORTH IN BATSON V. KENTUCKY IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CON-SITUTION (sic) AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶4} In his first and second assignments of error, Bostick argues that the court erred by overruling his objections to the State's exercise of its peremptory challenges. Specifically, he argues that the trial court failed to properly analyze the State's proffered rationale for excusing several female jurors. We disagree.

{¶5} "Although a prosecutor ordinarily is entitled to exercise permitted peremptory challenges for any reason at all, as long as that reason is related to [her] view concerning the outcome of the case to be tried, the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race[.]" *State v. Payne*, 9th Dist. Summit No. 26655,

2013-Ohio-5230, ¶ 19, quoting *Batson v. Kentucky*, 476 U.S. 79, 89 (1986). "[G]ender, like race, is an unconstitutional proxy for juror competence and impartiality." *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 129 (1994). Accordingly, the three-part test that the United States Supreme Court devised in *Batson* to address race discrimination in jury selection has been extended to gender discrimination as well. *Id.* at 144-145. *Accord State v. Gowdy*, 88 Ohio St.3d 387, 392 (2000), fn. 2.

{¶6} "As with race-based *Batson* claims, a [defendant] alleging gender discrimination must make a prima facie showing of intentional[]discrimination." *J.E.B.* at 144. After the defendant does so, the prosecution must provide a gender-neutral explanation for the peremptory challenge. *Id.* at 144-145. The explanation "need not rise to the level of a 'for cause' challenge; rather, it merely must be based on a juror characteristic other than gender, and the proffered explanation may not be pretextual." *Id.* at 145. *See also Payne* at ¶ 21, quoting *Purkett v. Elem*, 514 U.S. 765, 768 (1995) ("[T]he prosecution does not have to provide 'an explanation that is persuasive, or even plausible.'"). The court then "must determine whether, under all the relevant circumstances, the defendant has met his burden of proving purposeful [gender] discrimination." *Payne* at ¶ 22, citing *Batson* at 96-97.

{¶7} Bostick acknowledges that the prosecutor provided the court with gender-neutral explanations for the peremptory challenges she exercised, but argues that the court failed to analyze the gender-neutral justification that the prosecutor offered. Specifically, he argues that the court simply overruled his objections without "mak[ing] a deliberate decision whether purposeful discrimination [had] occurred."

{¶8} After a trial court receives a gender-neutral explanation from a prosecutor regarding the exercise of a peremptory challenge, the trial court:

must consider the persuasiveness and credibility of the justification offered by the prosecution. It must determine whether the neutral explanation offered by the prosecution is credible or is instead a pretext for unconstitutional discrimination. The trial court's finding turns largely on evaluations of credibility and is given great deference.

(Internal citations omitted.) *Payne* at ¶ 22. "A trial court's finding that there was a lack of any discriminatory intent on behalf of the State will not be reversed on appeal unless it was clearly erroneous." *State v. Sykes*, 9th Dist. Summit No. 25263, 2011-Ohio-293, ¶ 5.

{¶9} The prosecutor in this case exercised her peremptory challenges to remove three women from the jury: Juror Number 5, Juror Number 9, and Juror Number 14. After the prosecutor sought to excuse the second woman, Bostick objected on the basis that the prosecutor was "systematically excluding women for no reason at all." The prosecutor responded that she had challenged the first juror, Juror Number 9, because that juror previously had been on a jury she prosecuted and she could not remember if the trial had resulted in a not guilty verdict. The prosecutor further responded that she had challenged the second juror, Juror Number 14, because that juror "seemed very eager" toward defense counsel during voir dire and was "gushing all over him" when he asked questions of her. The judge then indicated that Bostick's objection did not "resonate with [her]" and overruled it. Both Juror Number 9 and Juror Number 14 were excused.

{¶10} Bostick objected again when the prosecutor sought to excuse Juror Number 5. The prosecutor responded that Juror Number 5 had said she was "a speech and language person," and it was her general practice to challenge "anyone who teaches or anyone in that field because [she] [did not] want them judging how [she] talk[ed] at any time in [the] trial." The judge then once again indicated that Bostick's objection was not "resonating with [her]." When Bostick pressed the judge on the objection, the following exchange took place:

THE COURT: She gave – she gave [a reason]. And she may not want someone judging her voice which does, at times, get rather loud.

[THE PROSECUTOR:] I learned that from someone who trained me, yes.

\* \* \*

THE COURT: I'm telling you, [the objection is] not resonating with me, so overruled.

[THE PROSECUTOR:] Just for the record, there would be one, two, three, four – five females on the jury left if this was followed through with this juror being struck.

[DEFENSE COUNSEL]: It would [have been] eight.

THE COURT: So we'll note that.

The court then excused Juror Number 5.

{¶11} The record reflects that the prosecutor offered gender-neutral explanations for her peremptory challenges. Bostick has not argued that the record of the challenged juror's answers during voir dire does not factually support the explanations the prosecutor offered. For example, Bostick does not argue that Juror Number 9 did not, in fact, state that she previously had been on a jury with the prosecutor. Instead, he argues that the court's response to his objections was not sufficient to show that the court actually deliberated before ruling on whether purposeful discrimination had occurred.

{¶12} Although the trial court's responses to Bostick's objections were brief, Bostick has not cited this Court to any law that requires a trial court to engage in an in-depth analysis on the record before overruling a *Batson/J.E.B.* challenge. *See* App.R. 16(A)(7). We have recognized that a "trial court is in the best position to judge the credibility of [an] attorney during a *Batson* challenge." *State v. Jones*, 9th Dist. Summit No. 22231, 2005-Ohio-1275, ¶ 29. The prosecutor here gave specific, gender-neutral explanations for each of the peremptory challenges she made. *See Payne*, 2013-Ohio-5230, at ¶ 21. "Unlike challenges for cause, a peremptory

challenge may be exercised for *any* [gender]-neutral reason." (Emphasis sic.) *State v. Moss*, 9th Dist. Summit No. 24511, 2009-Ohio-3866, ¶ 12. The trial court had the opportunity to listen to the juror's responses during voir dire and was in the best position to gauge the credibility of the prosecutor. *See Jones* at ¶ 29. Having reviewed the record, we cannot conclude that the court failed to apply *Batson/J.E.B.* or that its ruling was clearly erroneous. Bostick's first and second assignments of error are overruled.

Assignment of Error Number Three

> THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF APPELLANT'S RIGHT UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION BY ENTERING JUDGMENT OF CONVICTION AND SENTENCE UPON HIM FOR BEING A REPEAT VIOLENT OFFENDER IN THE ABSENCE OF A FINDING BY THE JURY BEYOND A REASONABLE (sic) THAT THE APPELLANT HAD A PRIOR CONVICTION FOR AN OFFENSE OF VIOLENCE.

**{¶13}** In his third assignment of error, Bostick argues that his constitutional rights were offended when the trial court, rather than the jury, found him guilty of his RVO specification. We disagree.

**{¶14}** R.C. 2941.149(B) provides that "[t]he court shall determine the issue of whether an offender is a repeat violent offender." If the court finds a defendant guilty of an RVO specification, R.C. 2929.14 authorizes, and in some cases mandates, the court to sentence the defendant to an additional definite prison term of one to ten years. R.C. 2929.14(B)(2)(a)-(b). This Court, relying upon a decision from the Ohio Supreme Court, has held that no constitutional violation occurs when a trial court, after "considering relevant information about the [defendant's] prior conviction that is part of the judicial record," finds the defendant guilty of an RVO specification and sentences him accordingly. *State v. Dent*, 9th Dist. Summit No. 23855, 2009-Ohio-5153, ¶ 10, quoting *State v. Hunter*, 123 Ohio St.3d 164, 2009-Ohio-4147, paragraph

two of the syllabus. Bostick acknowledges that the Ohio Supreme Court has upheld a "trial court's ability to find a defendant a repeat violent offender and enhance his penal sentence accordingly," but argues that *Hunter* is no longer good law in light of the United States Supreme Court's issuance of *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013).

{¶15} In *Alleyne*, the United State Supreme Court rejected a prior distinction it had made between mandatory minimum sentences and maximum sentences and held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne* at 2155, overruling *Harris v. United States*, 536 U.S. 545 (2002). In doing so, the Court relied upon its rationale in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a case in which the Court held that juries must decide facts that increase penalties beyond prescribed statutory maximums. Even in *Apprendi*, however, the Court specified that its holding did not encompass the fact of a prior conviction. *Apprendi* at 490 ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (Emphasis added.) The Supreme Court has since continued to acknowledge that the fact of a prior conviction stands apart from other facts that may serve to increase a potential penalty. *See Alleyne* at 2168, quoting *Apprendi* at 490; *Oregon v. Ice*, 555 U.S. 160, 163 (2009).

{¶16} The Ohio Supreme Court has yet to consider *Alleyne's* impact on Ohio's sentencing scheme. Our reading of *Alleyne*, however, leads us to conclude that a distinction continues to exist between the fact of a prior conviction and other facts that serve to increase criminal penalties. Under *Hunter*, "[a] trial court [does] not violate [a defendant's] constitutional rights or decisions of [the Ohio Supreme Court] or the United States Supreme Court by designating him a repeat violent offender * * * and by imposing an enhanced penalty." *Hunter*,

123 Ohio St.3d 164, 2009-Ohio-4147, at ¶ 40. "Unless and until the Ohio Supreme Court revisits and reverses its holding in [*Hunter*], we are bound to follow the law as it currently stands." *State v. Nieves*, 9th Dist. Lorain No. 08CA009500, 2009-Ohio-6374, ¶ 52. Consequently, Bostick's third assignment of error is overruled.

III

**{¶17}** Bostick's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

DAVID M. WATSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.