[Cite as *State v. Fillmore*, 2015-Ohio-5280.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                     :

         Plaintiff-Appellee,            :

                                           **No. 15AP-509**

v.                                             :              (C.P.C. No. 14CR-1826)

Antonio J. Fillmore,                  :              (REGULAR CALENDAR)

         Defendant-Appellant.       :

---

D E C I S I O N

Rendered on December 17, 2015

---

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Antonio J. Fillmore, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} On April 10, 2014, a Franklin County Grand Jury indicted appellant with three counts of rape in violation of R.C. 2907.02 and one count of kidnapping in violation of R.C. 2905.01. All of the counts also contained repeat violent offender specifications ("RVO") pursuant to R.C. 2941.149. Appellant initially entered not guilty pleas to the charges but, subsequently, withdrew those pleas and entered a no contest plea to all of the

counts and specifications. The trial court accepted his plea, found him guilty, and sentenced him accordingly.

## II. The Appeal

{¶ 3} Appellant appeals and assigns the following errors:

> [I.] The trial court erred by entering judgment of conviction based upon guilty pleas that were not knowing, intelligent and voluntary.

> [II.] The trial court committed plain error by sentencing appellant as a repeat violent offender without making the findings required by R.C. 2929.14(B)(2)(a).

### A. Appellant's No Contest Plea

{¶ 4} Appellant's first assignment of error sets forth the applicable law regarding the validity of a guilty plea but then makes no argument in support of the assignment of error. Because appellant presents no argument in support of this assignment of error, we decline to review it.[1] App.R. 12(A)(2); App.R. 16(A)(7).

### B. The Trial Court's RVO Sentence

{¶ 5} In his second assignment of error, appellant argues that the trial court committed plain error by sentencing him as a RVO without first making the statutorily required findings. We disagree.

{¶ 6} Appellant's trial counsel did not object to the trial court's RVO sentence and has, therefore, waived all but plain error. *State v. V.J.*, 10th Dist. No. 13AP-799, 2014-Ohio-2618, ¶ 38 (no objection to failure to make findings at sentencing subject to plain error analysis). Under Crim.R. 52(B), plain errors affecting substantial rights may be noticed by an appellate court even though they were not brought to the attention of the trial court. To constitute plain error, there must be: (1) an error, i.e., a deviation from a legal rule, (2) that is plain or obvious, and (3) that affected substantial rights, i.e., affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Even if an error satisfies these prongs, appellate courts are not required to correct the error. Appellate

---

[1] We also reject appellant's counsel's request for this court to perform an independent analysis of the validity of the plea based on *Anders v. California*, 386 U.S. 738 (1967). Counsel has not followed the procedures set forth in *Anders* and, additionally, has assigned a non-frivolous assignment of error in this appeal. *State v. Chamblin*, 4th Dist. No. 02CA753, 2004-Ohio-2252, ¶ 46-48; *State v. Moyar*, 3d Dist. No. 2-06-10, 2006-Ohio-5974, ¶ 7-10.

courts retain discretion to correct plain errors. *Id.*; *State v. Litreal*, 170 Ohio App.3d 670, 2006-Ohio-5416, ¶ 12 (4th Dist.). Courts are to notice plain error under Crim.R. 52(B) " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Barnes*, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of syllabus.

{¶ 7} This court recently considered and rejected appellant's argument in *State v. Clinton*, 10th Dist. No. 13AP-751, 2014-Ohio-5099. In *Clinton*, we found no plain error under the same circumstances because the statutory language in R.C. 2929.14(B)(2)(a) appellant relies on was stricken in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, and that language has not been specifically reenacted by the General Assembly. *Id.* at ¶ 39. *See also State v. Smith*, 7th Dist. No. 11 MA 120, 2013-Ohio-756, ¶ 78, citing *State v. Hunter*, 123 Ohio St.3d 164, 2009-Ohio-4147, ¶ 25-27 (fact finding no longer required for RVO sentencing). Accordingly, we overrule appellant's second assignment of error.

**III. Conclusion**

{¶ 8} For the above reasons, we decline review of appellant's first assignment of error, and overrule his second assignment of error. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK AND DORRIAN, JJ., concur

_____