TIMOTHY P. CANNON, J., concurring in part and dissenting in part.
 

 {¶ 108} I dissent from the majority's opinion as it relates to appellant's second assignment of error, which asserts the trial court erred in its imposition of sentence on the repeat violent offender specification. The assignment of error has merit.
 

 {¶ 109} When a repeat violent offender specification is properly alleged in an indictment, it is the trial court's duty to initially determine the issue of whether an offender should be designated a repeat violent offender ("RVO"). R.C. 2941.149(B). In
 
 State v. Hunter
 
 , the case cited by the majority in support of its holding, the defendant waived his right to a jury trial regarding the RVO specification to an indicted charge of felonious assault.
 
 123 Ohio St.3d 164
 
 ,
 
 2009-Ohio-4147
 
 ,
 
 915 N.E.2d 292
 
 , ¶ 5. The specification was bifurcated from the felonious assault charge, and the specification was tried to the bench.
 

 Id.
 

 At that time, former R.C. 2929.01(DD) identified the findings the trial court was required to make when determining whether an offender should be designated an RVO; those findings related to the nature of the offender's previous convictions
 
 and
 
 the nature of the current offense.
 
 See
 

 id.
 
 at ¶ 12-20.
 

 {¶ 110} The defendant in
 
 Hunter
 
 stipulated that, during the commission of his
 
 previous
 
 felonious assault conviction, he caused physical harm to the victim and had served a prison sentence on that previous conviction-factual findings required under former R.C. 2929.01(DD)(2)(a).
 
 Id.
 
 at ¶ 32. The trial court accepted this stipulation and designated the defendant an RVO.
 
 Id.
 
 at ¶ 29. On appeal, the defendant challenged his RVO designation on the basis that it violated his Sixth Amendment right to have a jury make the findings in former R.C. 2929.01(DD)(2)(a).
 
 Id.
 

 {¶ 111} The Ohio Supreme Court held: "When designating an offender as a 'repeat violent offender' pursuant to former R.C. 2929.01(DD), a trial court does not violate the Sixth Amendment by considering relevant information about the offender's
 
 prior conviction
 
 that is part of the judicial record."
 
 Id.
 
 at paragraph two of the syllabus (emphasis added), following
 
 Shepard v. United States
 
 ,
 
 544 U.S. 13
 
 ,
 
 125 S.Ct. 1254
 
 ,
 
 161 L.Ed.2d 205
 
 (2005). The Supreme Court's entire
 
 Hunter
 
 opinion related to the appropriateness of judicial factfinding only as it related to judicial records of
 
 prior
 
 convictions. It supported its holding with the following analysis: "Significantly, the Sixth Amendment does not limit a sentencing court's consideration to the
 
 existence
 
 of a prior conviction. On the contrary, the United States Supreme Court has held that courts may consider the information contained in court documents that are related to the prior conviction."
 
 Id.
 
 at ¶ 36 (emphasis sic). "[T]he Sixth Amendment does not bar judicial consideration of a defendant's
 
 prior
 
 convictions at sentencing because ' "recidivism * * * is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." ' "
 
 Id.
 
 at ¶ 35 (emphasis added), quoting
 
 Apprendi v. New Jersey
 
 ,
 
 530 U.S. 466
 
 , 488,
 
 120 S.Ct. 2348
 
 ,
 
 147 L.Ed.2d 435
 
 (2000), quoting
 
 Almendarez-Torres v. United States
 
 ,
 
 523 U.S. 224
 
 , 244,
 
 118 S.Ct. 1219
 
 ,
 
 140 L.Ed.2d 350
 
 (1998).
 

 {¶ 112} The majority opinion erroneously applies the holding in
 
 Hunter
 
 to the case sub judice, the facts of which are inapposite. Appellant herein challenges the trial court's factual finding of "serious physical harm" as it relates to appellant's
 
 current
 
 offense, not his prior convictions, and as it relates to his RVO sentencing enhancement, not his designation as an RVO.
 

 {¶ 113} Former R.C. 2929.01(DD) has been rewritten and is now located at R.C. 2929.01(CC). The findings the trial court must make in order to designate an offender an RVO no longer include any finding related to "physical harm" or "serious physical harm."
 

 {¶ 114} A finding of "serious physical harm" now becomes necessary only
 
 after
 
 the trial court has designated the offender an RVO and the matter is before the court for imposition of an enhanced penalty due to that designation. R.C. 2929.14(B)(2)(b). Even then, a finding of "serious physical harm" is only required when the "offense or offenses of which the offender currently is convicted or to which the offender currently pleads guilty is * * * any felony of the second degree that is an offense of violence[.]" R.C. 2929.14(B)(2)(b)(iii). And, even then, only if "
 
 the trier of fact finds
 
 that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person."
 

 Id.
 

 {¶ 115} "Both the United States and Ohio Supreme Courts have explained that the historical role of the jury in finding facts necessary to convict or increase a sentence range is protected by the Sixth Amendment."
 
 State v. Oller
 
 , 10th Dist.,
 
 2017-Ohio-814
 
 ,
 
 85 N.E.3d 1135
 
 , ¶ 45, citing
 
 Alleyne v. United States
 
 ,
 
 570 U.S. 99
 
 ,
 
 133 S.Ct. 2151
 
 ,
 
 186 L.Ed.2d 314
 
 (2013) ;
 
 Oregon v. Ice
 
 ,
 
 555 U.S. 160
 
 ,
 
 129 S.Ct. 711
 
 ,
 
 172 L.Ed.2d 517
 
 (2009) ;
 
 United States v. Booker
 
 ,
 
 543 U.S. 220
 
 ,
 
 125 S.Ct. 738
 
 ,
 
 160 L.Ed.2d 621
 
 (2005) ;
 
 Blakely v. Washington
 
 ,
 
 542 U.S. 296
 
 ,
 
 124 S.Ct. 2531
 
 ,
 
 159 L.Ed.2d 403
 
 (2004) ;
 
 Ring v. Arizona
 
 ,
 
 536 U.S. 584
 
 ,
 
 122 S.Ct. 2428
 
 ,
 
 153 L.Ed.2d 556
 
 (2002) ;
 
 Apprendi
 
 and
 
 Hunter
 
 ,
 
 supra
 
 ; and
 
 State v. Foster
 
 ,
 
 109 Ohio St.3d 1
 
 ,
 
 2006-Ohio-856
 
 ,
 
 845 N.E.2d 470
 
 .
 

 {¶ 116} The factfinding relative to the "serious physical harm" component of R.C. 2929.14(B)(2)(b) therefore violates the Sixth Amendment if made by the trial court, as opposed to the jury.
 
 See
 

 State v. Bishop
 
 , 5th Dist. Stark No. 2014CA00190,
 
 2015-Ohio-3023
 
 ,
 
 2015 WL 4554662
 
 , ¶ 19-21. In reaching this conclusion, the Fifth District followed the holding in
 
 Smith v. Petkovich
 
 ,
 
 562 F.Supp.2d 912
 
 , 922 (N.D. Ohio 2008), which explains:
 

 The holding in
 
 Apprendi
 
 established that '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'
 
 530 U.S. at 489
 
 [
 
 120 S.Ct. 2348
 
 ]. [Petitioner] received the statutory maximum of eight years for felonious assault. That the trial court then resorted to judicial factfinding to establish a separate additional sentence of nine years predicated on the Petitioner's repeat offender status and the assignment of the eight year statutory maximum for felonious assault, clearly marks the additional sentence as unconstitutional under
 
 Apprendi
 
 . Accordingly, [Petitioner's] independent nine-year sentence is contrary to clearly established federal law and he is entitled to habeas relief on the merits.
 

 {¶ 117} Of course, as the majority notes, " 'nothing prevents a defendant from waiving his
 
 Apprendi
 
 rights [to a jury determination of every element of the charge].' "
 
 Hunter
 
 ,
 
 supra
 
 , at ¶ 30, quoting
 
 Blakely
 
 ,
 
 supra
 
 , at 310,
 
 124 S.Ct. 2531
 
 . "[W]hile the Sixth Amendment generally prohibits judicial fact-finding, there is an 'exception for prior criminal convictions
 
 and the defendant's consent to judicial fact-finding
 
 .' "
 

 Id.
 

 (emphasis sic), quoting
 
 Foster
 
 ,
 
 supra
 
 , at ¶ 7.
 

 {¶ 118} Here, however, appellant's no contest plea should not be construed as his consent to judicial factfinding on this issue. For the following reasons, the majority errs in holding otherwise.
 

 {¶ 119} A no contest plea admits only the truth of the facts alleged in the indictment. Crim.R. 11(B)(2). Appellant pled no contest to robbery, a second-degree felony of which "serious physical harm" is not an element. The indictment did not allege "serious physical harm" in the robbery count or in the attached RVO specification. Therefore, not even a jury would have been permitted to find that appellant threatened "serious physical harm" to the victim under that count. As such, the trial court violated appellant's right to procedural due process.
 
 See
 
 ,
 
 e.g.
 
 ,
 
 Russell v. United States
 
 ,
 
 369 U.S. 749
 
 , 763-764,
 
 82 S.Ct. 1038
 
 ,
 
 8 L.Ed.2d 240
 
 (1962) (citations omitted).
 

 {¶ 120} The error in this case was further compounded by the trial court's decision to act as the trier of fact in order to make that factual finding, which was neither alleged in the indictment nor admitted to by appellant, for purposes of penalty enhancement. This amounted to a violation of appellant's Sixth Amendment rights.
 

 {¶ 121} The trial court was only permitted to enhance appellant's sentence relative to the RVO specification if a
 
 trier of fact
 
 found appellant's actions threatened, attempted, or resulted in "serious physical harm" to the victim.
 
 See
 

 State v. Brown
 
 , 10th Dist. Franklin Nos. 10AP-836,
 
 2011-Ohio-3159
 
 ,
 
 2011 WL 2536456
 
 , ¶ 23, fn. 2 (holding the trial court properly enhanced the defendant's sentence for second-degree felony robbery
 
 only
 
 because the indictment for the attached RVO specification alleged "serious physical harm" and the jury instructions for the robbery count included a finding of "serious physical harm");
 
 State v. Davis
 
 , 7th Dist. Mahoning No. 08 MA 152,
 
 2009-Ohio-5079
 
 ,
 
 2009 WL 3068762
 
 , ¶ 36 (holding that, although the defendant may have in fact threatened to cause serious physical harm to the robbery victims, only the trier of fact was permitted to make such a finding for purposes of penalty enhancement). A trial court, however, does not try facts at a plea hearing; it simply determines whether there is a sufficient factual basis to support a plea to the indicted charge.
 

 {¶ 122} Contrary to the majority's assertion, this holding is further supported by this court's opinion in
 
 State v. Payne
 
 , 11th Dist. Lake No. 2004-L-118,
 
 2005-Ohio-7043
 
 ,
 
 2005 WL 3610429
 
 . Under the RVO statute at that time, the trial court was required, inter alia, to make an independent, judicial finding that "serious physical harm" occurred, or had been attempted, in the current conviction.
 
 Id.
 
 at ¶ 106, citing former R.C. 2929.01(DD). This court held that the trial court's finding of "serious physical harm," as it related to the current conviction, went "beyond what is constitutionally permissible under
 
 Apprendi
 
 and
 
 Blakely
 
 ; i.e., any fact,
 
 other than a prior conviction
 
 , must be determined by a jury or admitted by the appellant."
 
 Id.
 
 at ¶ 114 (emphasis sic). We held the defendant's constitutional rights, as set forth in
 
 Apprendi
 
 ,
 
 Blakely
 
 , and
 
 Booker
 
 , were violated even though, at the time, the finding of "serious physical harm" was required when initially designating a defendant an RVO.
 
 Id.
 
 at ¶ 113. A constitutional violation is even more apparent when, as here, the trial court acts as the trier of fact under the current statutory scheme, because this finding must now be applied at the sentencing phase to enhance the penalty of a defendant who has already been designated an RVO.
 
 See
 
 ,
 
 e.g.
 
 ,
 
 State v. Payne
 
 , 11th Dist. Lake No. 2006-L-272,
 
 2007-Ohio-6740
 
 ,
 
 2007 WL 4395051
 
 , ¶ 76, citing
 
 Payne
 
 ,
 
 2005-Ohio-7043
 
 ,
 
 2005 WL 3610429
 
 , at ¶ 104 (Grendell, J., concurring and dissenting) (recognizing the RVO designation and RVO sentence as distinct issues: "[T]he factfinding required before the imposition of additional penalties is separate and distinct from the factfinding required to determine an offender's status as a repeat violent offender. An offender may be determined to be a repeat violent offender without suffering the imposition of additional penalties.");
 
 see also
 

 id.
 
 at ¶ 63-64 (Cannon, J., concurring) (recognizing the distinction between judicial factfinding for sentencing purposes as opposed to judicial factfinding for designation purposes, the latter of which is now completely "capable of determination by public record of a prior conviction").
 

 {¶ 123} At no time did appellant ever admit to threatening "serious physical harm" nor was it alleged in the indictment to which he pled no contest. To suggest there was an admission or stipulation of "serious physical harm" is a complete distortion of the record. Even the trial court understood that appellant had neither admitted nor stipulated to "serious physical harm," which is why the court stated it was required to make this finding "as the trier of fact." Again, a trial court does not
 
 try
 
 facts at a plea or sentencing hearing. Nevertheless, the court stated: "And again there needs to be a finding, which would be today, that you threatened serious physical harm to the victim in this particular case as well, or inflicted physical harm. Having sat through some earlier hearings, I think it was the threat of physical harm that's the real issue." It is also noteworthy that the trial court, in its initial statement of findings, concluded: "The Court specifically finds * * * [appellant] did threaten to inflict
 
 physical harm
 
 on the employee of Buckeye State Credit Union by virtue of the written letter[.]" However, the court subsequently stated: "The Court also makes the finding that the Defendant did, in the commission of the crime here today, threaten to cause
 
 serious physical harm
 
 to a person, thereby triggering the RVO."
 

 {¶ 124} Appellant did admit to certain facts as presented by the prosecutor, e.g., that he handed a note to the teller indicating he was carrying a firearm. The majority is suggesting that because those facts may be sufficient to support a finding of "serious physical harm," the trial court was permitted to act as the trier of fact and enhance appellant's sentence accordingly. On that basis, the trial court could find appellant guilty of anything, regardless of the indictment or plea, based on a prosecutor's statement. Further, a statement of facts by a prosecutor in the face of a no contest plea does not constitute evidence.
 
 See
 

 State v. Magnone
 
 , 2d Dist.,
 
 2016-Ohio-7100
 
 ,
 
 72 N.E.3d 212
 
 , ¶ 46, citing
 
 State v. Green
 
 ,
 
 81 Ohio St.3d 100
 
 , 104,
 
 689 N.E.2d 556
 
 (1998). Thus, although appellant admitted to the facts as presented by the prosecutor at his plea hearing, that does not equate to an admission or stipulation to the characterization of those facts as threatening "serious physical harm." The trial court was not permitted to find that those facts equated to "serious physical harm" in order to enhance appellant's sentence.
 
 See
 

 Apprendi
 
 ,
 
 supra
 
 , and its progeny.
 

 {¶ 125} The majority opinion completely mischaracterizes and distorts what is stated in this dissent. The distinction between (a) factual findings that were properly made in a case already concluded, of which a future court may take judicial notice, and (b) factual findings that must be made by a trier of fact in a case still pending before the court, has been explained herein and cannot be made more clear.
 

 {¶ 126} To summarize, there are two serious flaws in this case. First, appellant never, at any time, admitted or stipulated to threatening "serious physical harm." The prosecutor never stated that appellant threatened "serious physical harm." Nevertheless, the trial court proceeded to make a factual finding based on the facts presented by the prosecutor. Second, that finding was made even though it was not alleged in the indicted count to which appellant pled no contest.
 

 {¶ 127} Appellant's two-year sentence for the RVO specification should be vacated, and this matter should be remanded for resentencing.