[Cite as *State v. Fleeton*, 2016-Ohio-5484.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 MA 0180 |
| VS. | ) | |
| | ) | OPINION |
| DEQUANN FLEETON | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case No. 14 CR 870 B

JUDGMENT:      Reversed and remanded.

APPEARANCES:
For Plaintiff-Appellee

Attorney Paul Gains
Mahoning County Prosecutor
Attorney Ralph Rivera
Assistant Prosecutor
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant

Attorney Katherine Rudzik
26 Market Street, Suite 904
Youngstown, Ohio 44503-1505

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: August 19, 2016

DeGENARO, J.

**{¶1}** Defendant–Appellant, DeQuann Fleeton, appeals the trial court's judgment convicting him of aggravated riot and involuntary manslaughter and sentencing him accordingly. Appointed appellate counsel for Fleeton has filed a no-merit brief and a request to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), and *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (1970). After conducting an independent review of this case, the appeal is not frivolous and there exists one meritorious issue; specifically that the trial court failed to make any consecutive sentence findings prior to sentencing Fleeton. Accordingly, the judgment of the trial court is reversed and the matter remanded for resentencing with respect to the imposition of concurrent or consecutive sentence.

### Facts and Procedural History

**{¶2}** Fleeton was charged with aggravated riot, a fourth-degree felony, and involuntary manslaughter, a first-degree felony, in connection with the death of Shawn Cortez. Fleeton, along with several co-defendants were accused of participating in a course of conduct that ultimately led to Cortez's death. It was alleged that two groups planned to meet to fight and that several members of both, although not Fleeton, brandished firearms during the encounter. Ultimately Cortez, a member of Fleeton's group, was shot and killed by co-defendant David Jenkins, a member of the other group. A superceding indictment was later issued, but the charges against Fleeton remained the same.

**{¶3}** Fleeton was arraigned, pled not guilty and counsel was appointed after retained counsel withdrew; he later waived his speedy trial rights. Without entering into a plea agreement, Fleeton pled no contest to both charges; during the hearing the trial court had a colloquy with Fleeton regarding the rights he would give up by pleading no contest.

**{¶4}** At the sentencing hearing for Fleeton and co-defendant Rontrell White, the prosecutor provided a factual background for the incident, including playing a cell phone video, and explained what sentences others charged in the incident had

received, and/or sentence terms the prosecutor recommended for them, along with their respective roles in the situation that led to Cortez's death. The prosecutor explained Fleeton was one of the men who, although not armed, was at the "front of the pack[,] * * * leading the way * * * yelling at the other group to come back[,]" after that group had begun to retreat from the conflict. The prosecutor also noted that Fleeton was out on bond on a weapon charge when the incident took place. Defense counsel advocated for community control, or alternatively, the minimum sentence of three years, based upon Fleeton's level of involvement. The prosecutor countered that a light sentence was insufficient given the facts of this case. After being addressed by the trial court, Fleeton made a statement in mitigation of punishment.

{¶5} After considering the record, the pre-sentence investigation, any victim impact statements, the purposes and principles of sentencing and the seriousness and recidivism factors under R.C. 2929.11 and .12, the trial court sentenced Fleeton to six months for aggravated riot and five years for involuntary manslaughter to be served consecutively, but concurrently with the sentence for the prior weapons charge that was pending at the time of this incident. The trial court also imposed a five-year mandatory term of post-release control and explained the ramifications of violating post-release control. Fleeton was given jail time credit along with future days while he awaited transfer to the state institution

### *Anders* Review

{¶6} An attorney appointed to represent an indigent criminal defendant may seek permission to withdraw if the attorney can show that there is no merit to the appeal. *See generally Anders*, 386 U.S. 738. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. *Toney*, 23 Ohio App.2d at 207. Counsel's motion must then be transmitted to the defendant in order to assert any error pro se. *Id.* at syllabus. The reviewing court must then decide, after a full examination of the proceedings and counsel's and the defendant's filings, whether

the case is wholly frivolous. *Id.* If deemed frivolous, counsel's motion to withdraw is granted, new counsel is denied, and the trial court's judgment is affirmed. *Id.* Counsel filed a no-merit brief but Fleeton failed to file a pro-se brief.

**{¶7}** Fleeton pled no contest to both indicted charges. Unlike a guilty plea, a no contest plea does not preclude a defendant from asserting on appeal that the trial court erred in ruling on pre-trial motions; for example, motions to suppress or motions to dismiss. *State v. Delarosa*, 11th Dist. No. 2003-P-0129, 2005-Ohio-3399, ¶ 25. Here there are no issues that arose prior to the plea. Fleeton did not file a motion to suppress. He executed a speedy trial waiver early in the proceedings; thus there was no need to file a motion to dismiss.

**{¶8}** Turning to the no contest plea, "'[a]lthough a plea of no contest does not admit a defendant's guilt, Crim.R. 11(C) requires that the same procedure be followed by the trial court in accepting pleas of guilty and no contest in felony cases.'" *State v. Huff*, 7th Dist. No. 13 BE 37, 2014-Ohio-5513, ¶ 13, quoting *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 662 N.E.2d 370 (1996). A plea must be made knowingly, voluntarily and intelligently. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224, ¶ 7. If it is not, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03 MA 196, 2004–Ohio–6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Johnson,* 7th Dist. No. 07 MA 8, 2008–Ohio–1065, ¶ 8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

**{¶9}** The trial court must engage in a Crim.R. 11(C) colloquy with the felony defendant in order to ensure the plea is knowing, voluntary and intelligent. *State v. Clark*, 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462, ¶ 25–26. During the colloquy, the trial court is to provide the defendant specific information, including constitutional and nonconstitutional rights being waived. Crim.R. 11(C)(2); *State v. Francis*, 104 Ohio St.3d 490, 2004–Ohio–6894, 820 N.E.2d 355.

**{¶10}** The constitutional rights are to: a jury trial, confront one's accusers, compel witnesses to testify, protection from self-incrimination, and the state prove guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c); *State v. Veney*, 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. A trial court must strictly comply with these requirements. *Id.* at ¶ 31; *State v. Ballard*, 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981). Strict compliance does not require a rote recitation but whether the trial court explained these rights to the defendant in a reasonably intelligible manner. *Id.* at paragraph two of the syllabus.

**{¶11}** The nonconstitutional rights are: the effect of the defendant's plea, the nature of the charges; the maximum penalty; if applicable, advisements on post-release control and ineligibility for probation/community control sanctions; and that the trial court may immediately proceed to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney*, 120 Ohio St.3d 176 at ¶ 10–13; *Sarkozy*, 117 Ohio St.3d 86, at ¶ 19–26. The trial court must substantially comply with these requirements. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Substantial compliance means the defendant understands the rights he is waiving and the consequences under the totality of the circumstances. *Id.* at 108. The defendant must additionally demonstrate prejudice: that he otherwise would not have entered the plea. *Veney*, 120 Ohio St.3d 176 at ¶ 15 citing *Nero*, 56 Ohio St.3d at 108.

**{¶12}** A review of the colloquy demonstrates that the trial court's advisement of Fleeton's constitutional and nonconstitutional rights complied with Crim.R. 11(C), and Fleeton indicated he understood he was waiving these rights. Accordingly, the plea was knowingly, voluntarily, and intelligently entered.

**{¶13}** Regarding sentencing, we review a felony sentence to determine whether it is clearly and convincingly unsupported by the record or is otherwise contrary to law. R.C. 2953.08(G)(2); *State v. Marcum*, Slip Opinion 2016-Ohio-1002, ¶ 1.

**{¶14}** Fleeton was afforded his allocution rights pursuant to Crim.R. 32(A)(1); the trial court asked him directly if he had anything to say before it pronounced

sentence. The trial court properly notified Fleeton that upon his release he would be subject to a mandatory five-year post-release control term and notified him about the ramifications of violating post-release control. R.C. 2967.28(C).

**{¶15}** Fleeton's six-month sentence for aggravated riot, a fourth degree felony, and five-year sentence for involuntary manslaughter, a first degree felony, fall within the statutory prison term ranges.  R.C. 2929.14(A)(1) and (A)(4). The trial court considered R.C. 2929.11, R.C. 2929.12 and R.C. 2929.13 and properly imposed jail-time credit.

**{¶16}** Finally, the trial court imposed consecutive sentences. In this regard, R.C. 2929.14(C)(4) requires three findings: that consecutive sentences are 1) necessary to protect the public from future crime or to punish the defendant; 2) not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public; and 3) one of three alternative findings set out in subsections: a) the defendant was under post-release control, specified statutory community control, or awaiting trial/sentencing; b) the offenses were committed during a course of conduct and the harm was so great/unusual that a single term does not reflect the seriousness of the defendant's conduct; or c) the defendant's criminal history demonstrates the need to protect the public from future crime by the defendant. R.C. 2929.14(C)(4).

**{¶17}** The findings supporting consecutive sentences must be made both at the sentencing hearing and in the entry.  *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, ¶ 37. But a trial court is not required to state reasons supporting its findings or use magic or talismanic words, so long as it is apparent the court conducted the proper analysis. *State v. Jones*, 7th Dist. No. 13 MA 101, 2014–Ohio–2248, ¶ 6; see also *Bonnell* at ¶ 37. Post-*Bonnell*, we may liberally review the entire sentencing transcript to discern whether the trial court made the requisite findings. *Bonnell* at ¶ 29. However, as demonstrated by the outcome in *Bonnell*—the Supreme Court reversed and remanded Bonnell's sentence because the trial court failed to make a proportionality finding—there are limits to that deference. *Bonnell* at

¶ 33–34. After a reviewing court determines the findings have been made, the court "must also determine whether the record contains evidence in support of the trial court's findings." *State v. Correa*, 7th Dist. 13 MA 23, 2015–Ohio–3955, ¶ 76, citing *Bonnell* at ¶ 29.

**{¶18}** Here, the trial court made no reference to R.C. 2929.14(C)(4) during the sentencing hearing and no findings at all relative to its requirements:

> Therefore, the court has considered the statements of counsel, defendants, rule 11 agreements and the PSIs and presentence investigation reports [sic], et cetera. The Court finds under 2929.11, to punish the defendant and protect the public; 2929.12, recidivism factors; and 2929.13, guidance by degree of felony; that a nonprison sanction, of course, would demean the seriousness of the offense and it would not protect the public or properly punish the defendant, and there's a greater likelihood of recidivism. Therefore, it's the order of this Court that the defendant be sentenced to * * *

**{¶19}** Although the trial court provided reasons for its decision to impose a prison term as opposed to community control, it made no consecutive sentences findings. Nor did the sentencing entry make reference to the statute or the required findings:

> Pursuant to R.C. 2929.13(C), the Court finds that the Defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11.
>
> Further, the court finds that a term of imprisonment is commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on the victim and inconsistent with sentences for similar crimes by similar offenders.

**{¶20}** Accordingly, the judgment of the trial court is reversed in part, and the

matter remanded for a limited sentencing hearing for the trial court to determine whether to impose Fleeton's sentences concurrently or consecutively.

Waite, J., concurs.

Robb, J., concurs.