[Cite as *State v. Price*, 2016-Ohio-8417.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 MA 0206 |
| V. | ) | |
| | ) | OPINION |
| EARL A. PRICE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 15 CR 146

JUDGMENT:                    Affirmed

APPEARANCES:
For Plaintiff-Appellee          Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St. 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant         Attorney Timothy J. Cunning
940 Windham Court, Suite 4
Boardman, Ohio 44512

Attorney J. Gerald Ingram
Attorney Desirae DiPiero
7330 Market Street
Youngstown, Ohio 44512

JUDGES:
Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: December 23, 2016

DONOFRIO, P.J.

{¶1} Defendant-appellant, Earl Price, appeals from a Mahoning County Common Pleas Court judgment convicting him of voluntary manslaughter with a firearm specification and a repeat violent offender specification and also convicting him of having a weapon while under a disability.

{¶2} On February 19, 2015, a Mahoning County Grand Jury indicted appellant on one count of aggravated murder, a first-degree felony in violation of R.C. 2903.01(A)(F) that included both a firearm specification and a repeat violent offender specification, and one count of having a weapon while under a disability, a third-degree felony in violation of R.C. 2923.13(A)(2)(B). These charges stemmed from the shooting death of DeJuan Thomas. Appellant initially pleaded not guilty to the charges.

{¶3} Appellant retained counsel to represent him. Appellant engaged in pretrial negotiations with plaintiff-appellee, the State of Ohio, but the parties did not reach a plea deal during that time. The matter was ultimately set for trial on July 6, 2015.

{¶4} A pretrial was held on July 1, 2015, in preparation of the July 6 trial date. On July 7, which was the day the case was ultimately called for trial, appellant orally motioned for the court to remove his counsel. Appellant's counsel informed the court that appellant had "professional mistrust" in him. (Plea Tr. 6). Appellant told the court there was "pertinent evidence that needs to be further investigated that was overlooked" and he did not feel his counsel was "vested in my innocence right now." (Plea Tr. 8). Appellant told the court he believed it was in his best interest to retain other counsel. (Tr. Plea Tr. 8). The court overruled appellant's motion and was set to proceed with picking a jury.

{¶5} After a further discussion with his counsel, appellant decided to accept the plea deal that had been previously offered by the state. Pursuant to the terms of the plea deal, the state reduced the aggravated murder charge to a voluntary manslaughter charge. This reduced the possible penalty appellant faced on that charge from life in prison to eleven years in prison. The firearm and repeat violent

offender specifications and the having a weapon while under a disability charge were not altered.

{¶6} Appellant entered a guilty plea to the amended indictment. The trial court accepted his plea and set the matter for a sentencing hearing. The court sentenced appellant to eleven years on the voluntary manslaughter count, three years on the repeat violent offender specification, three years on the firearm specification, and three years on the having weapons while under a disability count. The court ordered appellant to serve the sentences consecutively for a total of 20 years in prison.

{¶7} Appellant filed a timely notice of appeal on November 13, 2015. This court found appellant to be indigent and appointed counsel to represent him on this appeal. Appointed counsel filed a brief raising one assignment of error. Appellant was then later able to retain counsel. Appointed counsel withdrew. Appellant's retained counsel filed a supplemental brief raising two additional assignments of error. We will consider all three assignments of error.

{¶8} Appellant's first assignment of error states:

TRIAL COURT ERRED WHEN IT DENIED TRIAL COUNSEL'S MOTION TO WITHDRAW SO THAT APPELLANT COULD RETAIN NEW COUNSEL.

{¶9} Appellant argues the trial court should have granted him a continuance so he could retain new counsel. He asserts this case had only been on the court's docket for approximately three months (it was actually five months). Moreover, he asserts his request was for a legitimate purpose because he believed his counsel did not believe in his innocence.

{¶10} A trial court's decision to deny a substitution of counsel and require a trial to proceed with the assigned counsel is reviewed on appeal for abuse of discretion. *State v. Cowans*, 87 Ohio St.3d 68, 73, 717 N.E.2d 298, 1999-Ohio-250. Abuse of discretion connotes more than an error of law or judgment; it implies that

the trial court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶11}** The Sixth Amendment provides for a defendant to have the assistance of counsel for his or her defense. In determining whether to grant a request for substitute counsel, the court must balance the defendant's right to counsel of his choice against the public's interest in the prompt administration of justice. *State v. Davis*, 7th Dist. No. 05-MA-235, 2007-Ohio-7216, at ¶ 37, quoting *United States v. Jennings*, 83 F.3d 145, 148 (6th Circ. 1996). The court should deny the motion for new counsel if it finds the defendant made the motion simply to delay the trial, or did not make it in good faith. *Id*.

**{¶12}** In this case, appellant retained his counsel. His counsel attended several pretrial hearings, engaged in discovery, and filed numerous pretrial motions including a motion to suppress, a motion in limine, and a motion for relief from prejudicial joinder. This process spanned five months. During the five months that the case was pending, appellant never indicated he was dissatisfied with his counsel. It was not until the morning the case was to proceed to trial that appellant moved the court for a continuance to secure new counsel. (Plea Tr. 6). Importantly, appellant had not secured new counsel at this time.

**{¶13}** Appellant's counsel stated that appellant had "professional mistrust" in whether he was completely on appellant's side. (Plea Tr. 6). The court responded by noting this case had been set for trial for a long time, that it had nothing but the utmost respect for appellant's counsel's ability, and that it had no doubt that counsel had properly investigated and prepared this case for trial. (Plea Tr. 7-8). Appellant's counsel stated that in preparation for trial, something came up regarding physical evidence having to do with the victim's injuries. (Plea Tr. 10-11). Appellant's counsel did not find it to be pertinent but he noted that another attorney had "kind of" agreed with appellant. (Plea Tr. 11). The trial court overruled appellant's motion. (Tr. 12).

**{¶14}** At appellant's counsel's request, the court took a brief recess. Appellant then decided to accept the state's plea offer. Thus, the matter proceeded

to a change of plea hearing instead of to trial. At the change of plea hearing, the court asked appellant, "Are you satisfied with the legal representation and advice you received from your lawyer?" (Plea Tr. 16). Appellant responded, "Yes." (Plea Tr. 16).

{¶15} This court previously discussed the right to counsel of one's choice in situations where the defendant has appointed counsel versus when the defendant has retained counsel:

> An indigent defendant has a limited right to counsel of his choice, because the indigent defendant's options are limited by the fact that the court, not the indigent, ultimately controls the appointment of counsel. Due to the limitations on an indigent's autonomy in the selection of counsel, and the role the court plays in selecting counsel, when an indigent defendant makes a "timely and good faith motion requesting that appointed counsel be discharged and new counsel appointed, the trial court clearly has a responsibility to determine the reasons for the defendant's dissatisfaction with his current counsel." *Iles*, supra at 1130, quoting LaFave and Isreal, Criminal Procedure, 11.4 at 36 (1984). The reasons for this enhanced responsibility for inquiry, however, do not extend to a defendant like Appellant, who has retained counsel: "it is clear that when an accused is financially able to retain an attorney, the choice of counsel to assist him rests ultimately in his hands and not in the hands of the State." *Wilson v. Mintzes*, 761 F.2d 275, 280 (1985). Moreover, * * * any request to change representation must be both timely and made in good faith, and is subject to the discretion of the trial court. There is simply no legal requirement that the trial court engage in any specific inquiry as to the reason a defendant wishes to seek other retained counsel.

*State v. Scott*, 7th Dist. No. 13 MA 47, 2014-Ohio-2993, ¶ 22.

{¶16} In this case, appellant sought to continue the trial just as jury selection was about to begin. He was represented by retained counsel whom he had chosen. He had not secured new counsel. The trial court viewed appellant's request as a delay tactic noting that appellant's counsel was surely competent and well-prepared for trial. Moreover, when appellant was later asked if he was satisfied with his counsel's performance, he stated that he was satisfied. Given these circumstances, the trial court did not abuse its discretion in denying appellant's request for a continuance to secure new counsel.

{¶17} Accordingly, appellant's first assignment of error is without merit and is overruled.

{¶18} Appellant's second assignment of error states:

THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE THE REQUISITE FINDINGS PRIOR TO THE IMPOSITION OF CONSECUTIVE SENTENCES.

{¶19} In this assignment of error appellant asserts the trial court failed to make the required findings at the sentencing hearing before imposing consecutive sentences. Specifically, he asserts the court failed to find that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public.

{¶20} The trial court sentenced appellant to eleven years on his voluntary manslaughter conviction. This count also carried with it a firearm specification and a repeat violent offender specification. The court sentenced appellant to three years on the firearm specification and three years on the repeat violent offender specification. The court then sentenced appellant to three years on his having a weapon while under a disability conviction. The court ordered all of the sentences to be served consecutively.

{¶21} This assignment of error only deals with the consecutive nature of the sentences for voluntary manslaughter and having a weapon under a disability. This

is because R.C. 2929.14(B)(2)(d) requires a sentence that is imposed on a repeat violent offender specification to be served "consecutively to and prior to the prison term imposed for the underlying offense." And R.C. 2929.14(C)(1)(a) requires a sentence that is imposed on a firearm specification to be served "consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender."

{¶22} R.C. 2929.14(C)(4) requires a trial court to make specific findings when imposing consecutive sentences:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶23}** It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. No. 12-MA-97, 2013-Ohio-2956, ¶ 17. However, the court need not give its reasons for making those findings. *State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254, ¶ 38.

**{¶24}** The Ohio Supreme Court has held that the trial court must make its findings at the sentencing hearing and not simply in the sentencing judgment entry:

In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

*State v. Bonnell*, 140 Ohio St.3d 209, 16 N.E.3d 659, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. The court stressed the importance of making the findings at the sentencing hearing, noting this gives notice to the offender and to defense counsel. *Id.* at ¶ 29. The trial court should also incorporate its statutory findings into the sentencing entry. *Id.* at ¶ 30.

**{¶25}** The transcript of the sentencing hearing must make it "clear from the record that the trial court engaged in the appropriate analysis." *State v. Hill*, 7th Dist. No. 13 CA 82, 2014-Ohio-1965, ¶ 27.

**{¶26}** At the sentencing hearing, the court stated:

The court orders these sentences to be served consecutively to one

another. I am required to make certain findings when consecutive sentences are imposed. The court finds that the harm is great and unusual and that a single term does not adequately reflect the seriousness of the conduct and that your criminal history shows that consecutive prison terms are necessary to protect the public.

(Sentencing Tr. 26-27).

**{¶27}** An appellate court "may liberally review the entire sentencing transcript to discern whether the trial court made the requisite findings." *State v. Fleeton*, 7th Dist. No. 15 MA 180, 2016-Ohio-5484, ¶ 17.

**{¶28}** While the trial court could have elaborated on its findings, there is enough in the record for us to conclude that the court made the required findings.

**{¶29}** The trial court found that a single prison term would not adequately reflect the seriousness of appellant's conduct. This satisfies the first requirement. Pursuant to the first requirement, the court was required to find that consecutive sentences are necessary either to protect the public from future crime *or* to punish the offender. The court's finding that a single prison term would not adequately reflect the seriousness of appellant's conduct demonstrates that it found consecutive sentences were necessary to punish appellant due the seriousness of his conduct.

**{¶30}** In addressing the consecutive nature of appellant's sentences, the trial court also found that the harm appellant caused was great and unusual. This satisfies the second requirement. Pursuant to the second requirement, the court was required to find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public. The court's finding that appellant caused great and unusual harm, while discussing consecutive sentences, demonstrates that the court found appellant's conduct to be so serious that it necessitated consecutive sentences and, therefore, consecutive sentences were not disproportionate to the seriousness of appellant's conduct and the danger he posed to the public.

**{¶31}** Finally, the court found appellant's criminal history demonstrated that

consecutive prison terms were necessary to protect the public. This satisfied the third requirement. Pursuant to the third requirement, the court was required to find that the offender's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the offender. The court's finding as to the third requirement was nearly identical to the consecutive sentencing statutory language.

**{¶32}** Thus, given that the trial court was not required to recite any "magic words" in making the consecutive sentencing findings, *Bellard*, 2013-Ohio-2956, ¶ 17, and given that we may liberally review the sentencing transcript to determine whether the trial court made the requisite findings, *Fleeton*, 2016-Ohio-5484, ¶ 17, we conclude that the trial court made the findings at the sentencing hearing required to impose consecutive sentences.

**{¶33}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶34}** Appellant's third assignment of error states:

THE TRIAL COURT ERRED WHEN IT IMPOSED SENTENCE ON THE REPEAT VIOLENT OFFENDER SPECIFICATION WITHOUT MAKING THE REQUISITE FINDINGS PURSUANT TO O.R.C. §2929.14(B)(2)(a).

**{¶35}** Appellant contends here that the trial court was required to make the repeat violent offender findings, regardless of his guilty plea, before sentencing him on the repeat violent offender specification. He contends that because the trial court did not make the required findings, we must conclude that the record does not support the enhanced sentence and vacate the sentence on the repeat violent offender specification.

**{¶36}** R.C. 2929.14(B)(2)(a) authorizes the court to impose an additional prison term of one, two, three, four, five, six, seven, eight, nine, or ten years on certain repeat violent offenders if five criteria are met:

(i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is * * * any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, * * *.

(iii) The court imposes the longest prison term for the offense that is not life imprisonment without parole.

(iv) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.

(v) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

{¶37} Pursuant to R.C. 2929.14(B)(2)(e), when imposing a sentence for a repeat violent offender specification, the court shall state its findings explaining the imposed sentence.

{¶38} In this case, there is no dispute that appellant meets the first three

criteria. Appellant pleaded guilty to a repeat violent offender specification, voluntary manslaughter is a first-degree felony that is an offense of violence, and the trial court imposed the maximum term of eleven years for that offense. The dispute here concerns the fourth and fifth criteria.

{¶39} This court has found that the judicial fact-finding set out in R.C. 2929.14(B)(2)(a)(iv) and (v) is not required before imposing a sentence for a repeat violent offender specification. In *State v. Smith*, 7th Dist. No. 11 MA 120, 2013-Ohio-756, cause dismissed, 137 Ohio St.3d 1470, 2014-Ohio-176, 2 N.E.3d 266, the appellant raised an argument that the trial court did not make the required findings under R.C. 2929.14(B)(2)(a)(iv) and (v) to sentence him on the repeat violent offender specification. In overruling his argument, this court stated:

> However, subdivisions (iv) and (v), which were previously contained in (D)(2)(b)(i) and (ii), have been excised and severed from the statute by the Ohio Supreme Court. See *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 74-78, 99. The Court concluded that from there on, judicial fact-finding was not required before imposing the additional penalty for a repeat violent offender specification. *Id.* at ¶ 99.
>
> In making it clear that a repeat violent offender specification still exists after *Foster*, the Court later restated that they eliminated the fact-finding requirements for repeat violent offender sentencing. *State v. Hunter*, 123 Ohio St.3d 164, 2009-Ohio-4147, 915 N.E.2d 292, ¶ 25-27, citing *State v. Mathis*, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855. Thus, the trial court need not make findings of fact before imposing penalty enhancements for repeat violent offenders. *Id.* at ¶ 26.

*Smith*, 2013-Ohio-756, at ¶ 77-78.

{¶40} More recently the Tenth District came to the same conclusion citing our decision in *Smith* and stating that the statutory language in R.C. 2929.14(B)(2)(a)

that the appellant relied on was stricken in *Foster*, 109 Ohio St.3d 1, and had not been specifically reenacted by the General Assembly. *State v. Fillmore*, 10th Dist. No. 15AP-509, 2015-Ohio-5280, ¶ 7.

**{¶41}** Thus, the trial court was not required to make the findings set out in R.C. 2929.14(B)(2)(a)(iv) and (v) before sentencing appellant on the repeat violent offender specification.

**{¶42}** Accordingly, appellant's third assignment of error is without merit and is overruled.

**{¶43}** For the reasons stated above, the trial court's judgment is hereby affirmed.

DeGenaro, J., concurs.

Robb, J., concurs.