[Cite as *State v. Oller*, 2017-Ohio-7575.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-429 |
| v. | : | (C.P.C. No. 15CR-1953) |
| Timothy M. Oller, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 12, 2017

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*Carpenter Lipps & Leland LLP*, *Kort W. Gatterdam*, and *Erik P. Henry* for appellant.

ON MOTION FOR RECONSIDERATION

BRUNNER, J.

{¶ 1} On March 7, 2017, this court issued a decision in *State v. Oller*, 10th Dist. No. 16AP-429, 2017-Ohio-814, holding that the Franklin County Court of Common Pleas erred in sentencing defendant-appellant, Timothy M. Oller, when the trial court substituted its own findings on provocation for the findings of the jury. In addressing that issue, we noted that:

> R.C. 2929.14(B)(2)(e) [] require[s] that a trial court state the findings justifying the sentence imposed on a person pursuant to a repeat-violent-offender specification under R.C. 2929.14(B)(2)(a) and (b). In addition, R.C. 2953.08(G)(1) requires the trial court to "state the findings of the trier of fact required by division (B)(2)(e) of section 2929.14 of the Revised Code, relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal * * * shall remand

> the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings."

*Oller* at ¶ 42. To properly remedy error with Oller's sentence, we instructed the trial court that "if it imposes an additional period of imprisonment based on the repeat-violent-offender specification, it must 'state the findings of the trier of fact required by division (B)(2)(e) of section 2929.14 of the Revised Code, relative to the imposition or modification of the sentence.' R.C. 2953.08(G)(1); 2929.14(B)(2)(e)." *Oller* at ¶ 70; *see also id.* at ¶ 53.

{¶ 2} Plaintiff-appellee, State of Ohio, now seeks reconsideration on the limited issue that this requirement was struck down by the Supreme Court of Ohio in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, and was never revived by any subsequent act of the legislature. (Mar. 10, 2017 State's Mot. to Recons.) This has been an area lacking clarity as applied in past cases. *Compare State v. Fillmore*, 10th Dist. No. 15AP-509, 2015-Ohio-5280, ¶ 7, and *State v. Clinton*, 10th Dist. No. 13AP-751, 2014-Ohio-5099, ¶ 37, 39 (no need for fact-finding before a repeat-violent-offender specification may be imposed because statutory language was stricken by *Foster* and never reenacted), *with Oller* at ¶ 42, 53, 70, and *State v. Goins*, 10th Dist. No. 14AP-747, 2015-Ohio-3121, ¶ 41-50 (applying the statutes as written to require the court to make findings in order to impose a repeat-violent-offender specification). We take this opportunity to directly address the issue with assistance from the parties briefing it.

{¶ 3} Before *Foster* (decided February 27, 2006), the Ohio Revised Code instructed sentencing courts for repeat violent offenders as follows:

> (2) * * *
>
> > (b) If the court imposing a prison term on a repeat violent offender imposes the longest prison term from the range of terms authorized for the offense under division (A) of this section, the court may impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if the court finds that both of the following apply with respect to the prison terms imposed on the offender pursuant to division (D)(2)(a) of this section and, if applicable, divisions (D)(1) and (3) of this section:

> (i) The terms so imposed are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
>
> (ii) The terms so imposed are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

*See* R.C. 2929.14(D)(2)(b) (2005); 2005 Am.Sub.H.B. No. 473.[1]

{¶ 4} In *Foster*, the Supreme Court held that "[b]ecause the specifications contained in R.C. 2929.14(D)(2)(b) and (D)(3)(b) require judicial fact-finding before repeat-violent-offender and major-drug-offender penalty enhancements are imposed, they are unconstitutional." *Foster* at paragraph five of the syllabus; *see also id.* at ¶ 71-78. The *Foster* court severed these apparently unconstitutional divisions. *Id.* at ¶ 99.

{¶ 5} Several months after *Foster* was issued, effective in August 2006, the Ohio General Assembly repealed the version of R.C. 2929.14 at issue in *Foster*:

> SECTION 2. That existing sections 2152.17, 2901.08, 2903.11, 2907.01, 2907.03, 2907.05, 2919.26, 2929.01, 2929.13, **2929.14**, 2941.149, 2953.08, and 3113.31 of the Revised Code are hereby repealed.

(Emphasis added.) 2006 Am.Sub.H.B. No. 95, SECTION 2.[2]

{¶ 6} In its place, the General Assembly enacted a new version of R.C. 2929.14. But before that law (H.B. No. 95) had taken effect, the General Assembly again repealed R.C. 2929.14 and modified the version of R.C. 2929.14 that was to have become law under H.B. No. 95. 2006 Am.Sub.H.B. No. 137, SECTION 2-3.[3] Both H.B. No. 95 and the subsequent

---

[1] Reported electronically at 2003 Ohio H.B. No. 473.
[2] Reported electronically at 2005 Ohio H.B. No. 95.
[3] Reported electronically at 2005 Ohio H.B. No. 137.

No. 16AP-429

H.B. No. 137 (effective August 3, 2006), included the following new instructions for sentencing repeat violent offenders:

> (2)
>
>> (a) If division (D)(2)(b) of this section does not apply, the court may impose on an offender, in addition to the longest prison term authorized or required for the offense, an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:
>>
>>> (i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.
>>>
>>> (ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a sentence of death or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.
>>>
>>> (iii) The court imposes the longest prison term for the offense that is not life imprisonment without parole.
>>>
>>> (iv) The court finds that the prison terms imposed pursuant to division (D)(2)(a)(iii) of this section and, if applicable, division (D)(1) or (3) of this section are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.

No. 16AP-429

(v) The court finds that the prison terms imposed pursuant to division (D)(2)(a)(iii) of this section and, if applicable, division (D)(1) or (3) of this section are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

(b) The court shall impose on an offender the longest prison term authorized or required for the offense and shall impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

(i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii) The offender within the preceding twenty years has been convicted of or pleaded guilty to three or more offenses described in division (DD)(1) of section 2929.01 of the Revised Code, including all offenses described in that division of which the offender is convicted or to which the offender pleads guilty in the current prosecution and all offenses described in that division of which the offender previously has been convicted or to which the offender previously pleaded guilty, whether prosecuted together or separately.

(iii) The offense or offenses of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a sentence of death or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence

> > and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.
> >
> > (c) For purposes of division (D)(2)(b) of this section, two or more offenses committed at the same time or as part of the same act or event shall be considered one offense, and that one offense shall be the offense with the greatest penalty.
> >
> > (d) A sentence imposed under division (D)(2)(a) or (b) of this section shall not be reduced pursuant to section 2929.20 or section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code. The offender shall serve an additional prison term imposed under this section consecutively to and prior to the prison term imposed for the underlying offense.
> >
> > (e) When imposing a sentence pursuant to division (D)(2)(a) or (b) of this section, the court shall state its findings explaining the imposed sentence.

2006 Am.Sub.H.B. No. 95, SECTION 1; 2006 Am.Sub.H.B. No. 137, SECTION 2-3.

{¶ 7} Later, in 2011, the General Assembly again repealed R.C. 2929.14 and reenacted the same language quoted above with three relatively inconsequential differences: the language was moved from division (D) to division (B) of R.C. 2929.14; references to divisions were changed to take account of organizational changes; and a reference in division (B)(2)(d) to R.C. 2967.19 was included to account for the petition for early release process. 2011 Am.Sub.H.B. No. 86, SECTION 1-2.[4] This portion of the statute has not changed since. *Compare* 2006 Am.Sub.H.B. No. 95, SECTION 1 *and* 2006 Am.Sub.H.B. No. 137, SECTION 2-3 *with* R.C. 2929.14(B)(2)(a) through (e).

{¶ 8} The State argues, and we agree, that preexisting language declared unconstitutional by the Supreme Court, yet survives its codified section's subsequent legislative amendment, is not tantamount to an intent by the legislature to reenact the language notwithstanding its declared unconstitutionality. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, ¶ 27, fn. 7; *see also* R.C. 1.54 ("A statute which is reenacted or amended is intended to be a continuation of the prior statute and not a new enactment, so far as it is

---

[4] Reported electronically at 2011 Ohio H.B. No. 86.

No. 16AP-429

the same as the prior statute."); *Stevens v. Ackman*, 91 Ohio St.3d 182, 193-95 (2001) (explaining that portions of statutory text which are not altered by a repeal and amended reenactment are considered continuations of the predecessor statute). In that context, we note that current R.C. 2929.14(B) carries forward, essentially unchanged, the two required findings that *Foster* found to be unconstitutional (findings on recidivism and whether the sentence demeans the offense). *Compare* R.C. 2929.14(D)(2)(b)(i) and (ii) (2005) *with* R.C. 2929.14(B)(2)(a)(iv) and (v). We also recognize that the legislature was more explicit in reenacting without relevant textual changes in amending R.C. 2929.14(E)(4) as R.C. 2929.14(C)(4) than it was with similar actions concerning R.C. 2929.14(D). That is, in the case of R.C. 2929.14(C)(4), the legislature included a specific comment noting that it was deliberately reviving language previously found unconstitutional. 2011 Am.Sub.H.B. No. 86, SECTION 11. No such language was included in the reenactment of R.C. 2929.14(D). Accordingly, we conclude that the current statutory language, to the limited extent that it includes the findings set forth in R.C. 2929.14(B)(2)(a)(iv) and (v) which were previously contained in former R.C. 2929.14(D)(2)(b)(i) and (ii), was found unconstitutional by *Foster* and was never explicitly reenacted. As a consequence, a trial court must make all the findings required by R.C. 2929.14(B)(2) except those contained in divisions (B)(2)(a)(iv) and (v).

{¶ 9} But the effect of the Supreme Court's holding in *Foster* was diluted significantly by the United States Supreme Court's subsequent decision in *Oregon v. Ice*, in which the high court held that it is in the historical and constitutionally permissible province of the trial court to impose consecutive sentences and make limited fact-finding about the defendant's circumstances relevant to that action. *Oregon v. Ice*, 555 U.S. 160, 168-72 (2009). Then, after *Oregon v. Ice*, the Supreme Court of Ohio in *State v. Hunter* stated that "[w]hen designating an offender as a 'repeat violent offender' * * * , a trial court does not violate the Sixth Amendment by considering relevant information about the offender's prior conviction that is part of the judicial record." *State v. Hunter*, 123 Ohio St.3d 164, 2009-Ohio-4147, paragraph two of the syllabus. Taken together, these decisions suggest that it is constitutionally permissible for a trial judge, rather than a jury, to consider an offender's offense, his or her prior record, and the factual circumstances necessary for sentencing consecutively which may support inferences concerning the seriousness of the offender's conduct and the danger the offender poses to the public. *Compare* R.C.

No. 16AP-429

2929.14(C)(4) *with* R.C. 2929.14(B)(2)(a)(iv) and (v). To our view, it does not appear that the requirements of current R.C. 2929.14(B)(2)(a)(iv) and (v) compel a sentencing court to step beyond the permissible historical role of the sentencing court as recognized in *Ice* and *Hunter.* Thus, if the Ohio General Assembly were to specify an intent to do so, such divisions could be purposefully reenacted.

{¶ 10} Accordingly, we grant the State's motion for reconsideration to the extent of and for the reasons expressed in this decision. We therefore modify our instruction to the trial court. *See Oller* at ¶ 42, 53, 70. The trial court is hereby instructed to "state the findings of the trier of fact required by division (B)(2)(e) of section 2929.14 of the Revised Code, relative to the imposition or modification of the sentence" except it is not required to set forth those findings required by R.C. 2929.14(B)(2)(a)(iv) and (v). *See* R.C. 2953.08(G)(1); 2929.14(B)(2)(e).

*Motion granted*
*with instructions.*

TYACK, P.J., and KLATT, J., concur.

————————————