[Cite as *State v. Oller*, 2019-Ohio-1070.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-511 |
| | | (C.P.C. No. 15CR-1953) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Timothy M. Oller, | : | |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on March 26, 2019

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *W. Joseph Edwards*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Timothy M. Oller, appeals from an amended judgment entry of the Franklin County Court of Common Pleas finding him guilty, pursuant to jury verdict, of one count of involuntary manslaughter. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} By indictment filed April 21, 2015, plaintiff-appellee, State of Ohio, charged Oller with two counts of murder in violation of R.C. 2903.02, both unclassified felonies. Both counts contained accompanying repeat violent offender ("RVO") specifications pursuant to R.C. 2941.149(A). Following a trial, the jury found Oller not guilty of murder but found him guilty of one count of the stipulated lesser-included offense of involuntary manslaughter. The jury specifically found that Oller acted under the influence of sudden passion or fit of rage brought on by serious provocation. Following a May 16, 2016

sentencing hearing, the trial court sentenced Oller to 11 years on the involuntary manslaughter conviction and an additional ten years on the RVO specification attached to the conviction, ordering the sentences to run consecutive to one another for an aggregate sentence of 21 years in prison.

{¶ 3} Oller appealed his conviction and sentence to this court. *State v. Oller*, 10th Dist. No. 16AP-429, 2017-Ohio-814 ("*Oller I*"). Though this court affirmed Oller's conviction, we concluded the trial court erred on sentencing when it failed to accept the jury's finding that Oller acted under the influence of sudden passion or a sudden fit of rage and instead substituted its own view of the evidence when imposing the sentence. Thus, we remanded the matter to the trial court for resentencing, instructing the trial court to accept the finding of the jury related to the sudden passion or sudden fit of rage and, if the trial court imposes additional prison time based on the RVO specification, to state the findings required by R.C. 2929.14(B)(2)(e). *Oller I* at ¶ 69-70.

{¶ 4} Subsequently, we granted the state's application for reconsideration on the limited issue of clarifying the findings the trial court is required to make pursuant to R.C. 2929.14(B)(2)(e). *State v. Oller*, 10th Dist. No. 16AP-429, 2017-Ohio-7575 ("*Oller II*"). In granting the state's motion for reconsideration, we modified our remand instruction to the trial court to "state the findings of the trier of fact required by [R.C. 2929.14(B)(2)(e)], relative to the imposition or modification of the sentence," but we clarified the trial court "is not required to set forth those findings required by R.C. 2929.14(B)(2)(a)(iv) and (v)." *Oller II* at ¶ 8, 10.

{¶ 5} On remand, the trial court conducted a resentencing hearing on March 19, 2018. Following the resentencing hearing, the trial court again imposed the maximum sentence of 11 years on the involuntary manslaughter conviction and an additional 10 years for the RVO specification for an aggregate sentence of 21 years in prison. The trial court journalized the conviction and sentence in a March 27, 2018 amended judgment entry. Oller timely appeals.

## II. Assignment of Error

{¶ 6} Oller assigns the following error for our review:

> The trial court imposed a sentence contrary to law, and as such, violated defendant's due process rights when it again engaged

in judicial fact-finding contra the Ohio and Federal Constitutions as well as relevant Ohio statutes.

### III. Analysis – Sentencing

{¶ 7}   In his sole assignment of error, Oller argues the trial court erred in imposing his sentence on remand.  More specifically, Oller asserts the trial court failed to follow this court's remand instructions from *Oller I* and *Oller II* and did not make the required findings pursuant to R.C. 2929.14(B)(2)(e).

{¶ 8}   An appellate court will not reverse a trial court's sentencing decision unless the evidence is clear and convincing that either the record does not support the sentence or that the sentence is contrary to law.  *State v. Chandler*, 10th Dist. No. 04AP-895, 2005-Ohio-1961, ¶ 10, citing *State v. Maxwell*, 10th Dist. No. 02AP-1271, 2004-Ohio-5660, ¶ 27, citing *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 10.  *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law").  "In determining whether a sentence is contrary to law, an appellate court must review the record to determine whether the trial court considered the appropriate statutory factors, made the required findings, gave the reasons for its findings, and properly applied the statutory guidelines."  *Maxwell* at ¶ 27, citing *State v. Altalla*, 10th Dist. No. 03AP-1127, 2004-Ohio-4226, ¶ 7.

{¶ 9}   At resentencing, the trial court sentenced Oller to 11 years on the involuntary manslaughter conviction and an additional 10 years on the RVO specification.  Oller asserts the trial court did not comply with the remand instruction when it imposed his sentence on remand.  Specifically, the remand instruction from *Oller II* instructed the trial court to state the findings required by R.C. 2929.14(B)(2)(e) but noted it need not make findings pursuant to R.C. 2929.14(B)(2)(a)(iv) and (v).

{¶ 10} R.C. 2929.14(B)(2)(e) requires the trial court to "state its findings explaining the imposed sentence" when it imposes a sentence pursuant to R.C. 2929.14(B)(2)(a) or (b). R.C. 2929.14(B)(2)(a) deals with the discretionary imposition of an additional prison term for an RVO specification, while R.C. 2929.14(B)(2)(b) deals with the mandatory imposition of an additional prison term for an RVO specification.  The parties agree here

that the imposition of the additional prison term for the RVO specification was discretionary. Pursuant to R.C. 2929.14(B)(2)(a):

>    (a) If division (B)(2)(b) of this section does not apply, the court may impose on an offender, in addition to the longest prison term authorized or required for the offense, an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:
>
>>    (i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.
>>
>>    (ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a sentence of death or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.
>>
>>    (iii) The court imposes the longest prison term for the offense that is not life imprisonment without parole.
>>
>>    (iv) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
>>
>>    (v) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the

> Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

R.C. 2929.14(B)(2)(a)(i)-(v).

{¶ 11} "Although imposition of the additional prison term is discretionary, if the trial court chooses to impose the additional term under R.C. 2929.14(B)(2)(a), the sentencing statute requires the additional term to be served 'consecutively to and prior to the prison term imposed for the underlying offense.' " *State v. Harris*, 10th Dist. No. 15AP-683, 2016-Ohio-3424, ¶ 46, quoting R.C. 2929.14(B)(2)(d). In *Oller II*, we clarified that on remand that should the trial court impose additional prison time on the RVO specification, it must make the findings under R.C. 2929.14(B)(2)(a) with the exception that it need not state the findings under R.C. 2929.14(B)(2)(a)(iv) and (v). Thus, because the trial court did impose additional prison time pursuant to the RVO specification, we review to see whether the trial court stated its findings under R.C. 2929.14(B)(2)(a)(i), (ii), and (iii).

{¶ 12} Pursuant to R.C. 2929.14(A)(1), the required definite prison term for a first degree felony such as the involuntary manslaughter here is 3 to 11 years. *See also State v. Alexander*, 10th Dist. No. 16AP-761, 2017-Ohio-4196, ¶ 11. The trial court sentenced Oller to 11 years on the involuntary manslaughter charge, the maximum possible prison term. The trial court then exercised its discretion in imposing an additional 10-year prison term on the RVO specification. In doing so, the trial court noted Oller had been convicted of the RVO specification, had been found guilty of a first-degree felony offense of involuntary manslaughter, and had been sentenced to the maximum prison term on the involuntary manslaughter offense. These statements by the trial court correlate to the findings listed in R.C. 2929.14(B)(2)(a)(i), (ii), and (iii), respectively. The trial court additionally stated it took the statutory factors into consideration when fashioning the sentence. *See State v. Watts*, 8th Dist. No. 104269, 2017-Ohio-532, ¶ 11 (stating "[s]imilar to the conclusion that 'talismanic' words are not required when imposing consecutive sentences under R.C. 2929.14(C)(4), there are no magic words that must be recited by the trial court when making the RVO findings under R.C. 2929.14(B)(2)(a)," and "[a]s long as the reviewing

court can discern from the record that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, the sentence on the RVO specification should be upheld"), citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29.

{¶ 13} Additionally, the trial court stated in its amended judgment entry that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12," and that it "weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14." (Am. Jgmt. Entry at 1.) Such language in a sentencing entry defeats a claim that the trial court failed to consider the statutory guidelines. *State v. Ibrahim*, 10th Dist. No. 13AP-167, 2014-Ohio-666, ¶ 20, citing *State v. Peterson*, 10th Dist. No. 12AP-646, 2013-Ohio-1807, ¶ 31.

{¶ 14} Our review of the record indicates the trial court complied with the remand instructions and with the statutory requirements for sentencing before imposing an additional ten-year sentence on the RVO specification. To the extent Oller argues the trial court erred by again engaging in judicial factfinding, the record does not support his contention. The trial court addressed the remand order and offered an explanation for its comments at the first sentencing hearing, then proceeded to resentence Oller. The trial court did not indicate it was disregarding the jury's findings; instead, it sentenced Oller pursuant to the findings returned by the jury.

{¶ 15} Thus, because Oller's sentence is within the statutory range and is not contrary to law, and because the trial court complied with this court's remand orders in *Oller I* and *Oller II*, we overrule Oller's sole assignment of error.

## IV. Disposition

{¶ 16} Based on the foregoing reasons, the trial court did not err in resentencing Oller on his conviction of involuntary manslaughter and the RVO specification. Having overruled Oller's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.